# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10681
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 15, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABDUL DAMAL CHAPPELL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-250-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Abdul Damal Chappell (also known as Chris Ryan Jackson), argues on appeal that his 24-month revocation sentence, which is below the range recommended by the policy statements in the Sentencing Guidelines and the statutory maximum, is substantively unreasonable because the district court failed to give adequate consideration to his "exceptional history and characteristics."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10681

When, as here, the defendant advocated before the district court for a sentence shorter than the one imposed, this court reviews the sentence for reasonableness under the plainly unreasonable standard of review. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020); *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). This court considers the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. *Warren*, 720 F.3d at 332; *see also United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). If the sentence is unreasonable, then this court will consider whether "the error was obvious under existing law." *Miller*, 634 F.3d at 843.

Chappell has failed to show that his revocation sentence is substantively unreasonable. The district court specifically considered Chappell's "exceptional history and characteristics," including his service to the community. *See United States v. Kippers*, 685 F.3d 491, 498 (5th Cir. 2012). The totality of the circumstances reflects that the district court did not fail to account for a factor that should have received significant weight, give significant weight to an irrelevant or improper factor, or commit a clear error of judgment in balancing the § 3553(a) factors. *See Warren*, 720 F.3d at 332. Chappell's arguments amount to no more than a request for this court to reweigh the § 3553(a) factors, which this court will not do as the district court is "in a superior position to find facts and judge their import under § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

Accordingly, the judgment of the district court is AFFIRMED.